J-S49041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PEDRO LOPEZ | |
| Appellant | No. 317 EDA 2014 |

Appeal from the Judgment of Sentence entered December 7, 2012
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0001966-2009

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 14, 2014**

Appellant, Pedro Lopez, appeals *nunc pro tunc* from the judgment of sentence entered on December 7, 2012 in the Court of Common Pleas of Monroe County.[1]  Following review, we affirm.

The trial judge, the Honorable Stephen M. Higgins, summarized the facts and procedural history of this case as follows:

> On December 21, 2009, the Commonwealth filed the Information charging the Appellant with Retail Theft, Conspiracy and Receiving Stolen Property.
>
> On February 23, 2010, following the Appellant's failure to appear for a hearing, a bench warrant was issued.  The Appellant was subsequently incarcerated in New Jersey.  A copy of the

---

[1] The order appealed is dated December 6, 2012, but was filed on December 7, 2012.

bench warrant was given to New Jersey as notice of a Pennsylvania Detainer.

On or about May 4, 2012, the Appellant was returned to the custody of Pennsylvania and the bench warrant was lifted.

On July 3, 2012, the Appellant filed a Motion for Rule 600 Relief and a hearing was scheduled.[2]

On August 1, 2012, following a hearing on the Rule 600 Motion, the Honorable President Judge Margherita Patti Worthington entered an order denying the same.

On September 11, 2012, a jury found the Appellant guilty of all charges.

On December 6, 2012, we sentenced the Appellant and determined that the Appellant was ineligible for the RRRI program owing to a prior [] robbery conviction.[3]

\* \* \*

The Appellant did not file a Notice of Appeal at this time. However, the Appellant subsequently filed a Post-Conviction Relief Act Petition seeking reinstatement of his right to appeal. President Judge Worthington conducted a hearing on the Petition and granted relief. The Appellant's direct appeal rights were reinstated on December 20, 2013.

On January 17, 2014, the Appellant filed a Notice of Appeal and we directed him to file a Concise Statement within twenty-one days. On February 12, 2014, the Appellant filed his Concise Statement, but did not serve a copy on this Court as required by

---

[2] Pa.R.Crim.P. 600 was amended effective July 1, 2013. All references to Rule 600 in this Memorandum relate to the version of the rule in effect prior to July 1, 2013.

[3] "RRRI", the Risk Reduction Recidivism Incentive Program, is codified at 61 Pa.C.S.A. §§ 4501-4512.

Pa.R.A.P. 1925(b)(1). We were served with the Appellant's Concise Statement on May 2, 2014.[4]

Trial Court Opinion ("T.C.O."), 5/19/14 at 1-2.

Appellant presents two issues for our consideration:

1. Was it erroneous for the lower court to dismiss Appellant's Motion to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 600 since the Commonwealth failed to establish it exercised reasonable diligence in bringing Appellant to trial[?]

2. Did the trial court err in deeming Appellant ineligible for the Recidivism Risk Reduction Incentive program since Appellant was never convicted of an offense that would render him automatically ineligible for the program[?]

Appellant's Brief at 6.

In his first issue, Appellant challenges the trial court's ruling on his Rule 600 motion. For purposes of our review, the relevant provisions of the rule are as follows:

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

---

[4] The trial court issued its 1925(b) order on January 23, 2014. Under Rule 1925, Appellant's 1925(b) statement was due on or before February 13. Appellant complied with the directive to file the statement within 21 days of the order but did not comply with the trial court's directive to serve the trial court until May 2, 2014, in violation of Rule 1925(b)(1) ("Appellant shall file of record the Statement and concurrently shall serve the judge."). The trial judge did not suggest that preparation of his 1925(a) opinion was hampered by Appellant's failure to timely serve his 1925(b) statement on the trial court. Nevertheless, we remind Appellant's counsel that the rule requires concurrent filing of the 1925(b) statement and service on the trial judge.

* * *

(B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial . . . .

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

* * *

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney[.]

Pa.R.Crim.P. 600 (A)(1), (B), (C)(1) and (C)(3)(a). A Comment to Rule 600 provides that "a defendant is deemed unavailable during the time a responding jurisdiction delays or refuses to grant extradition." **Commonwealth v. McNear**, 852 A.2d 401, 406 (Pa. Super. 2004) (citing Rule 600 *Comment*).

In **McNear**, this Court explained:

Our standard of review in evaluating Rule 600 issues is whether the trial court abused its discretion. The proper scope of review in determining the propriety of the trial court's ruling is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the lower court. In reviewing the determination of the hearing court, an appellate court must view the facts in the light most favorable to the prevailing party. A criminal defendant who is incarcerated in another jurisdiction is unavailable within the meaning of Rule 600 if the Commonwealth demonstrates by a preponderance of the evidence that it exercised due diligence in attempting to procure the defendant's

- 4 -

return for trial. Due diligence is a fact-specific concept that is determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth.

*Id.* at 404 (internal quotations, citations and brackets omitted). Further,

[i]t is generally held that Rule [600] is tolled where the Commonwealth shows, by a preponderance of the evidence, that it has acted with due diligence in seeking extradition to bring the defendant to trial. . . . The matter of availability and due diligence must be judged by what **was** done by the authorities rather than by what was not done.

*Id.* at 406 (quoting ***Commonwealth v. DeMarco***, 481 A.2d 632, 636 (Pa. Super. 1984) (emphasis in original)).

The complaint against Appellant was filed on October 17, 2009 and his trial commenced on September 11, 2012. Clearly, without excluding any time, Appellant was not brought to trial within 365 days of the date on which the complaint was filed. Appellant argues the trial court improperly extended the time allowable under Rule 600 by excluding the time during which Appellant was incarcerated in New Jersey.

As the trial court noted in its history of the case, Appellant failed to appear for a hearing on February 23, 2010. T.C.O. at 1. From its review of the Rule 600 hearing transcript, the trial court also determined that the Monroe County's Chief Deputy Sheriff ("Chief") received Appellant's bench warrant on February 26, 2010 and entered the warrant into the National

Crime Information Center ("NCIC") database on the same day. T.C.O. at 5.

Further:

> On March 8, 2010, the Appellant called and informed the sheriff's office that he was in a short-term rehabilitation center and would turn himself in on March 15, 2010. The Chief requested a facsimile confirming the same, and the facsimile was received on March 9. However, the Appellant failed to turn himself in on March 15. On March 18, the Chief faxed the warrant to Essex County, New Jersey, where the Appellant had listed his address, and also faxed the warrant to the United States Marshals Service. It was intended that Essex County would visit the Appellant's address to arrest him pursuant to the warrant. However, when the Appellant was arrested by authorities in New Jersey, he was held to complete a New Jersey sentence. The warrant followed him as a detainer to ensure he would be returned once he was finished with his New Jersey sentence.[5] On April 30, 2012, the sheriff's office received a facsimile from Middlesex County, New Jersey, containing a waiver of extradition. It was only on this date that the Appellant was available for extradition. New Jersey would have apparently opposed extradition. On May 3, 2012, the Chief retrieved the Appellant from Middlesex County and returned him to Monroe County.

T.C.O. at 5 (references to Notes of Testimony omitted). The trial court also acknowledged Appellant's testimony during which he expressed his belief that no detainer must have been lodged because New Jersey granted him work release privileges. *Id.* Appellant did not offer any other evidence on this point beyond his own speculation. *Id.* at 5-6.

---

[5] When asked what happened with the warrant while Appellant was incarcerated in New Jersey, the Chief explained, "The warrant followed him as a detainer. When they were done with him, we would be contacted." N.T. Rule 600 Hearing, 8/1/12, at 7.

The trial court concluded that "Appellant was not brought to trial within one year because he had been incarcerated in New Jersey and New Jersey looked disfavorably upon extradition." *Id.* at 6. The trial court recognized the similarity of the facts in Appellant's case to the facts in *McNear*. In *McNear*, the New Jersey authorities explained that McNear would not be available for extradition until he completed his New Jersey sentences. This Court determined that the time McNear spent under the auspices of the New Jersey authorities was appropriately excluded. "Moreover, in view of the fact that the New Jersey authorities opposed extradition, the Commonwealth was not necessarily compelled to proceed under either the [Interstate Agreement on Detainers] or the [Uniform Criminal Extradition Act], where to do so would no doubt have been fruitless." *McNear*, 852 A.2d at 406.

As noted above, we are to view the facts in the light most favorable to the Commonwealth as the prevailing party. *McNear*, 852 A.2d at 404. Just as this Court determined the trial court did not abuse its discretion in excluding McNear's New Jersey prison time and denying his Rule 600 motion, we likewise conclude that the trial court did not abuse its discretion in finding Appellant's time incarcerated in New Jersey was properly excluded. Appellant acknowledges he was in custody of New Jersey authorities from March 25, 2010 until April 27, 2012. Appellant's Brief at 10. When the time Appellant spent incarcerated in New Jersey is subtracted from the period of time that elapsed between the October 17, 2009 filing of the complaint and

his September 11, 2012 trial, it is clear Appellant was brought to trial within 365 days.[6] Therefore, we find the trial court did not abuse its discretion by denying Appellant's Rule 600 motion. Appellant's first issue fails for lack of merit.

In his second issue, Appellant argues that the trial court erred by deeming him ineligible for RRRI due to a prior conviction for robbery. As a challenge to the legality of his sentence, Appellant presents a question of law for which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (internal quotations and citations omitted).

In its 1925(a) opinion, the trial court recognized that Appellant was not questioning whether a robbery conviction could render him ineligible for RRRI. "The Appellant claims, instead, that we erred in our finding of fact that he even had such a robbery conviction. Unfortunately, the Appellant has not produced even one iota of evidence to the contrary for [the trial court]'s consideration." T.C.O. at 8.

The trial court explained that the county's probation department reviewed Appellant's criminal record on NCIC, which included a robbery

---

[6] We recognize other periods of time were excludable, *e.g.*, from February 23, 2010 when Appellant failed to appear for the call of the trial list until March 25, 2010 when he was arrested in New Jersey. However, simply excluding the time Appellant was in the custody of New Jersey authorities results in a period well short of Rule 600's 365-day time limitation. Therefore, we find it unnecessary to undertake more precise calculations.

conviction in New Jersey in 1990. *Id.* That finding appeared in the pre-sentence investigation report reviewed by the trial court. *Id.* On the basis of that report, the trial court "concluded that the Appellant was ineligible for RRRI. In short, we credited the probation officer's representations that the Appellant had a prior robbery conviction, and no evidence to the contrary was ever before us." *Id.*

The statute authorizing RRRI defines an "eligible offender" as follows:

**"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

**(1) Does not demonstrate a history of present or past violent behavior.**

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

**(3) Has not been found guilty of or previously convicted of** or adjudicated delinquent for or an attempt or conspiracy to commit **a personal injury crime as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111), known as the Crime Victims Act,** except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, **or an equivalent offense under the laws of** the United States or one of its

- 9 -

territories or possessions, **another state,** the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503 (emphasis added; footnotes omitted). A "personal injury crime" under the Crimes Victim Act includes "[a]n act, attempt or threat to commit an act which would constitute a misdemeanor or felony

under the following: . . . 18 Pa.C.S. Ch. 37 (relating to robbery)." 18 P.S. § 11.103.

The pre-sentence investigation report, relied upon by the trial court, reflected a robbery conviction, which constitutes a personal injury crime and renders Appellant ineligible for RRRI. Appellant argues that his robbery charges were reduced to theft charges and, as such, do not constitute personal injury crimes. Appellant's Brief 20-21. In support of that argument, Appellant attached to his brief a copy of his 1990 New Jersey guilty plea from Essex County, New Jersey. Appellant's Brief, Appendix A. However, the document included as Appendix A does not appear in the certified record in this case. As such, we may not consider it. "An appellate court may consider only the facts which have been duly certified in the record on appeal." Pa.R.A.P. 1921 *Note* (citing **Commonwealth v. Young**, 317 A.2d 258, 264 (Pa. 1974)). "Under our Rules of Appellate Procedure, those documents which are not part of the official record forwarded to this Court are considered to be non-existent. These deficiencies may not be remedied by inclusion in a brief in the form of a reproduced record." **Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.**, 804 A.2d 31, 34 (Pa. Super. 2002) (internal quotations and citations omitted).[7]

_____

[7] Although we may not consider Appellant's plea document, we note in passing that the plea document includes references to threats of violence and actual violence on Appellant's part, which would be the basis for
*(Footnote Continued Next Page)*

Based on the record, the trial court properly determined Appellant was ineligible for RRRI. We find no basis to disturb that ruling. Appellant's second claim is devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014

---

*(Footnote Continued)* ————————————

determining Appellant ineligible under RRRI as an individual who has demonstrated a history of past violent behavior. 61 Pa.C.S.A. § 4503.