J-A34014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| THEOPHILUS L. BALDWIN | |
| Appellant | No. 385 MDA 2015 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000302-2014

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J. **FILED MARCH 01, 2016**

Appellant, Theophilus L. Baldwin, appeals from the judgment of sentence entered by the Honorable Pamela A. Ruest, Court of Common Pleas of Centre County. We affirm.

The relevant facts and procedural history are as follows. Baldwin's convictions arise out of a conspiracy with several other individuals to possess heroin with the intent to deliver it between August/September 2012 and February 2013. Baldwin's involvement was documented by enforcement agents of the Office of Attorney General (OAG) pursuant to a wiretap executed on a co-conspirator's phone. Baldwin's involvement was also captured on video surveillance footage.

Following a jury trial, Baldwin was convicted of possession with intent to deliver (PWID), conspiracy—PWID, delivery of a controlled substance, and

criminal use of a communication facility. The trial court sentenced Baldwin to an aggregate term of 10 to 20 years' imprisonment. Baldwin subsequently filed a post-sentence motion for reconsideration of sentence, which the trial court granted. Thereafter, the trial court amended the original sentence and sentenced Baldwin to an aggregate term of 4 to 8 years' imprisonment. This timely appeal followed.

On appeal, Baldwin raises four issues for us to consider. In his first issue, Baldwin challenges the sufficiency of the Commonwealth's evidence to support his convictions for PWID, conspiracy—PWID, delivery of a controlled substance, and criminal use of a communication facility. "The standard for review is whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the factfinder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt." ***Commonwealth v. Thompson***, 922 A.2d 926, 928 (Pa. Super. 2007) (citation omitted).

Baldwin contends that the Commonwealth's evidence was insufficient to convict him of PWID. Specifically, Baldwin argues that the Commonwealth failed to prove that he possessed with the intent to deliver over 50 grams of heroin, as provided in the bill of particulars, because no evidence of drug weights was presented at trial. ***See*** Appellant's Brief, at 17. Thus, Baldwin maintains that "because the Commonwealth failed to prove that [he] delivered over the specified amount of heroin stated in their bill of

- 2 -

particulars, the evidence was insufficient to convict [him] of Count I." *Id*. We disagree.

To convict a person of PWID, the Commonwealth must prove beyond a reasonable doubt that the person possessed a controlled substance with the intent to deliver it and without legal authorization to do so. *See Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. 2005); *see also* 35 P.S. § 780-113(a)(30). "The amount of the controlled substance is not 'crucial to establish an inference of possession with intent to deliver, if … other facts are present.'" *Commonwealth v. Ratsamy*, 934 A.2d 1233, 1237 (Pa. Super. 2007) (citation omitted). "In determining whether there is sufficient evidence to support a PWID conviction, all facts and circumstances surrounding the possession are relevant, and the Commonwealth may establish the essential elements of the crime wholly by circumstantial evidence." *Bricker*, 882 A.2d at 1015 (citation omitted).

Here, Agent Thomas J. Moore, a narcotics agent with the OAG, testified regarding the intercepted phone calls, text messages, and video surveillance implicating Baldwin in a conspiracy to sell heroin. *See* N.T., Trial, 11/3/14, at 59-71, 74-85. Five witnesses testified that they purchased heroin from Baldwin. *See id*., at 116-119, 126, 135-136, 142-143, 157-158, 166-169, 195-197, 209-210, 290. All of the witnesses provided specific details regarding their interactions with Baldwin, including the price, quantity, and quality of the heroin they purchased, as well as the general location where the transactions took place. *See id*. Thus, viewing the

- 3 -

evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence for upholding Baldwin's PWID conviction. Based on the foregoing reasons, we also conclude that the evidence presented was plainly sufficient to support Baldwin's convictions for delivery of a controlled substance[1] and criminal use of a communication facility.[2]

Baldwin's final sufficiency challenge concerns his conspiracy to commit PWID conviction. Baldwin argues that there was insufficient evidence to convict him of PWID; thus, there was insufficient evidence to convict him of conspiracy to commit PWID. *See* Appellant's Brief, at 20-21. He further maintains that the Commonwealth failed to prove that he was "acting in concert [with others] under a prior agreement to deliver any heroin"; thus, his conspiracy conviction cannot stand. Appellant's Brief, at 21. We disagree.

"To sustain a conviction of criminal conspiracy[,] … [t]he Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent, and (3) an overt act done in furtherance of the conspiracy." *Bricker*, 882 A.2d at 1017 (citation

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 7512(a).

omitted); **see also** 18 Pa.C.S.A. § 903. Circumstantial evidence may suffice as proof of the conspiracy. **See Bricker**, 822 A.2d at 1017.

As we previously stated, the evidence presented was sufficient to convict Baldwin of PWID. In viewing the evidence in the light most favorable to the Commonwealth, we also conclude that the evidence presented was sufficient to convict Baldwin of criminal conspiracy to commit PWID. The intercepted telephone calls, text messages, and video surveillance established that Baldwin regularly communicated with others about the possession and delivery of heroin. Thus, it was eminently reasonable for the jury to infer that Baldwin conspired with these individuals to commit PWID. Accordingly, the Commonwealth presented sufficient evidence of criminal conspiracy. Because there was sufficient evidence to support all four convictions, Baldwin's first issue on appeal is meritless.

In his second issue, Baldwin contends that the trial court erred when it declined to deliver Jury Instruction 3.14 (Consciousness of Guilt, Flight, or Concealment) with respect to Mandy Mabry's failure to appear and testify at trial. The record reflects that Ms. Mabry was to be called as a witness for the Commonwealth; however, the Commonwealth was unable to locate her to serve her with a subpoena to testify at trial. **See** N.T., Trial, 11/4/14, at 4-9. Baldwin argues that the trial court should have granted his request to provide the instruction to the jurors because there was evidence that Ms. Mabry "fled" prior to trial. Appellant's Brief, at 27.

"A trial court's denial of a request for a jury instruction is disturbed on appeal only if there was an abuse of discretion or an error of law." ***Commonwealth v. Johnson***, 107 A.3d 52, 89 (Pa. 2014) (citation omitted). "It is axiomatic that 'jury instructions … are not warranted unless there is evidence to support such instructions.'" ***Commonwealth v. Milligan***, 693 A.2d 1313, 1318 (citation omitted).

The suggested instruction reads, in pertinent part, as follows:

> Generally speaking, when a crime has been committed and a person thinks he or she is or may be accused of committing it and he or she flees or conceals himself or herself, such flight or concealment is a circumstance tending to prove the person is conscious of guilt. Such flight or concealment does not necessarily show consciousness of guilt in every case. A person may flee or hide for some other motive and may do so even though innocent. Whether the evidence of flight or concealment in this case should be looked at as tending to prove guilt depends upon the facts and circumstances of this case and especially upon motives that may have prompted the flight or concealment.

Pa.S.S.J.I. (Crim) 3.14.

Although Jury Instruction 3.14 was written specifically for the actions of the defendant, not another actor, this Court has held that "once a defendant properly introduces evidence that someone else *fled the crime scene*, the trial court is duty bound to instruct the jury concerning the significance of this evidence." ***Milligan***, 693 A.2d at 1317 (emphasis added). In the instant case, there was no evidence presented showing that Ms. Mabry fled a crime scene. Thus, there were no circumstances present warranting a flight or consciousness of guilt jury instruction. Accordingly, the

trial court properly declined Baldwin's request to give Jury Instruction 3.14. Baldwin's second issue on appeal is meritless.

Baldwin's third issue on appeal was not included in his Rule 1925(b) statement. In his Rule 1925(b) statement, Baldwin asserts that his constitutional right to confrontation was violated when the trial court allowed Agent Moore to testify regarding his interpretation of the wiretapped discussions between Baldwin and Ms. Mabry. However, in his brief, Baldwin argues that the wiretapped conversations constitute hearsay without a valid exception. **See** Appellant's Brief, at 27-28. Because Baldwin did not raise this issue in his Rule 1925(b) statement, it is deemed waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.")

In his fourth and final issue, Baldwin challenges the discretionary aspects of his sentence. Baldwin contends that the trial court erred when it determined that the weight of the heroin at issue for count I (PWID) and count II (conspiracy—PWID) was more than 50 grams.[3] **See** Appellant's Brief, at 30.

---

[3] At first glance, it may appear as if this sentence violates the rule against judicially imposed mandatory minimums set forth in **Alleyne v. United States**, 133 S.Ct. 2151 (2013). However, this case does not violate **Alleyne** because the sentence was imposed pursuant to advisory, rather than mandatory, guidelines; thus, the Sixth Amendment is not implicated. **See United States v. Booker**, 125 S.Ct. 738, 750 (2005).

Prior to addressing this issue, we must determine if Baldwin's claim is properly before us. Challenges to the discretionary aspects of sentencing are not automatically reviewable as a matter of right. ***See Commonwealth v. Hunter***, 768 A.2d 1136, 1144 (Pa. Super. 2001). "When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code." ***Commonwealth v. McNear***, 852 A.2d 401, 407 (Pa. Super. 2004) (citations omitted); ***see also*** Pa.R.A.P. 2119(f). An appellant's Rule 2119(f) statement is required to include an articulation of "what particular provision of the [Sentencing] Code is violated, what fundamental norms the sentence violates, and the manner in which it violates the norm." ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." ***Commonwealth v. Karns***, 50 A.3d 158, 166 (Pa. Super. 2012) (citation omitted).

Baldwin failed to file a Rule 2119(f) statement in his brief, and the Commonwealth objected to this failure. ***See*** Appellee's Brief, at 26-27. Consequently, Baldwin has waived this issue.

Because we conclude that none of Baldwin's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016