J-S47013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CASSANDRA LYNN WELSHANS, | |
| Appellant | No. 1765 MDA 2015 |

Appeal from the Judgments of Sentence September 21, 2015
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000309-2014, CP-18-CR-0000322-2014, CP-18-CR-0000522-2014

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED JULY 18, 2016**

Appellant, Cassandra Lynn Welshans, purports to appeal from the discretionary aspects of the sentences imposed at trial court docket numbers CP-18-CR-0000309-2014, CP-18-CR-0000322-2014, and CP-18-CR-0000522-2014 following the revocation of her probation and resentencing on each of those cases.  We conclude that Appellant has waived her challenges, and therefore, we affirm.

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute.  ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014).  "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a

sentence," by (1) preserving the issue in the court below, (2) filing a timely notice of appeal, (3) including a Rule 2119(f) statement, and (4) raising a substantial question for our review. *Commonwealth v. Tejada*, 107 A.3d 788, 797 (Pa. Super. 2015) (citation omitted); *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

While Appellant filed a timely appeal and preserved the issue in a post-sentence motion, she failed to include in her brief a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Moreover, the Commonwealth has objected to this omission. The Commonwealth's Brief at 7, 9. "If an appellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." *Commonwealth v. McNear*, 852 A.2d 401, 408 (Pa. Super. 2004). Our Court is not permitted to overlook this deficiency. *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998). Therefore, we are constrained to conclude that Appellant has waived her challenges to the discretionary aspects of her sentences.

Because we conclude that Appellant waived the issues she presents on appeal, there are no issues for this Court to decide. Accordingly, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2016