J. A30033/17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT DAVID REINHART, | : | No. 498 WDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 9, 2017,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0000724-2016

BEFORE:  BOWES, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:              FILED MAY 21, 2018

Robert David Reinhart appeals from the March 9, 2017 judgment of sentence entered by the Court of Common Pleas of Allegheny County.  After careful review, we remand to the trial court for a hearing pursuant to Pa.R.Crim.P. 600.

The Commonwealth charged appellant with the following offenses:  DUI highest rate of alcohol, DUI general impairment, habitual offenders, driving while BAC 0.02 or greater while license is suspended, driving without a license, operating a snowmobile/ATV on streets and highways, unlawful operation, unlawful operation of snowmobile/ATV under influence, proof of liability insurance required to be produced and displayed, driving an unregistered vehicle, improper display of registration plate, failure to signal, giving false information, investigation by officer/duty of operator, fleeing or attempting to

elude a police officer, and failure to yield to emergency vehicle.[1]   At the preliminary hearing on January 26, 2016, the following charges were dismissed:  driving an unregistered vehicle, failure to signal, failure to yield to emergency vehicle, fleeing or attempting to elude a police officer, giving false information, improper display of registration plate, and investigation by officer/duty of operator.  All of the remaining charges were held over for trial.

On April 5, 2016, appellant filed an omnibus pretrial motion in which he sought to suppress evidence.  A suppression hearing and trial were originally scheduled for June 7, 2016.  On May 17, 2016, the Commonwealth filed a motion for continuance, which the trial court granted.  The suppression hearing and trial were rescheduled for September 8, 2016.

On September 8, 2016, the trial court denied appellant's omnibus pretrial motion following a suppression hearing, and immediately called the case for trial.  The Commonwealth, having dismissed its only witness, Elizabeth Police Department Officer Garret Kimmel, at the conclusion of his suppression hearing testimony, orally moved for a continuance, which the trial court granted.  The trial was rescheduled for December 12, 2016.  On November 10, 2016, appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600, which the trial court denied on December 12, 2016, following a hearing immediately preceding trial.

---

[1] 75 Pa.C.S.A. §§ 3802(c), 3802(a)(1), 6503.1, 1543(b)(1.1)(i), 1501(a), 7721(a), 7711.1(a), 7726(a)(3), 7730(b), 1301(a), 1332(a), 3335(a), 3748, 6308(a), 3733(a), and 3325(a), respectively.

At the conclusion of the bench trial on December 12, 2016, the trial court convicted appellant of DUI highest rate, DUI general impairment, driving while BAC 0.02 or greater while license is suspended, driving without a license, operating a snowmobile/ATV on streets and highways, unlawful operation of unregistered snowmobile/ATV, and unlawful operation of snowmobile/ATV under influence.  The trial court acquitted appellant of proof of insurance required to be produced and displayed.  The Commonwealth withdrew the habitual offenders charge.  On March 9, 2017, the trial court sentenced appellant to one year less one day to two years less two days' imprisonment.

Appellant filed a notice of appeal to this court on March 30, 2017.  The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and appellant complied.  The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on August 3, 2017.

Appellant raises the following issues for our review:

> I.     Did the lower court err in refusing to grant [appellant's] Rule 600 motion when all of the delay in this case was attributable to the Commonwealth and trial was not commenced until 62 days beyond the mechanical run date?
>
> II.    Did the lower court err in refusing to suppress all evidence, including the identification of [appellant] and blood evidence, following Officer Kimmel's illegal search of the curtilage at 914 15th Street, Elizabeth, Pennsylvania?

Appellant's brief at 5 (capitalization omitted).

In his first issue for our review, appellant avers that the Commonwealth violated his constitutional right to a speedy trial pursuant to Pennsylvania Rule of Criminal Procedure 600.

> "In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." Commonwealth v. Hill, 736 A.2d 578, 581 (Pa. 1999). See also Commonwealth v. McNear, 852 A.2d 401 (Pa.Super. 2004). "Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration." Commonwealth v. Krick, 67 A.2d 746, 749 (Pa.Super. 1949). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." Commonwealth v. Jones, 826 A.2d 900, 907 (Pa.Super. 2003) (en banc) (citing Commonwealth v. Spiewak, 617 A.2d 696, 699 n.4 (Pa. 1992)).
>
> "The proper scope of review . . . is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court." Hill, supra at 581; McNear, supra at 404. See also Commonwealth v. Jackson, 765 A.2d 389 (Pa.Super. 2000), appeal denied, 793 A.2d 905 (Pa. 2002). "[A]n appellate court must view the facts in the light most favorable to the prevailing party." Id. at 392.
>
> . . . .
>
> In assessing a Rule 600 claim, the court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances the defendant requested and any periods for which he expressly waived his rights under Rule 600. Pa.R.Crim.P. 600(C). "A defendant has no duty to object when his trial is scheduled beyond the

> Rule [600] time period so long as he does not indicate that he approves of or accepts the delay." Commonwealth v. Taylor, 598 A.2d 1000, 1003 (Pa.Super. 1991), appeal denied, 613 A.2d 559 (Pa. 1992) (addressing Municipal Court's counterpart to speedy trial rule).

Commonwealth v. Hunt, 858 A.2d 1234, 1238-1239, 1241 (Pa.Super. 2004), appeal denied, 875 A.2d 1073 (Pa. 2005).

In the instant appeal, the Elizabeth Borough Police Department filed a criminal complaint against appellant on October 11, 2015. Pursuant to Rule 600, the Commonwealth was required to commence trial on or before October 11, 2016. The Commonwealth originally listed this case for trial on June 7, 2016. On May 17, 2016, the Commonwealth requested a continuance due to the unavailability of Officer Kimmel. The trial court granted the Commonwealth's request, rescheduling the trial for September 8, 2016; however, it failed to indicate in its order whether the period of delay was included or excluded for the purpose of Rule 600 calculations as required by Rule 600(C)(3)(a)(2).

As noted above, the trial court called the case to trial on September 8, 2016, immediately upon the conclusion of the suppression hearing. The Commonwealth, having dismissed Officer Kimmel at the conclusion of his suppression hearing testimony, indicated it would not be able to proceed that day with trial, and the trial court responded by stating, "Pick a date, whatever you want." (Notes of testimony, 9/8/16 at 67.) If appellant did not expressly waive his speedy trial rights, then the continuance is charged to the

Commonwealth. Trial was rescheduled for December 12, 2016. On November 10, 2016, appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600, which the trial court denied on December 12, 2016, following a purported hearing immediately preceding trial.

Regrettably, this court is unable to review appellant's Rule 600 issue due to a total lack of any evidence of record from the hearing on the motion to dismiss. Although the Commonwealth filed a brief in response to the motion setting forth its due diligence, no testimony is of record on the issue of diligence. It is the Commonwealth's burden to establish due diligence in bringing appellant to trial within the required time pursuant to Rule 600. See Commonwealth v. Jackson, 852 A.2d 315, 318 (Pa.Super. 2004), appeal denied, 877 A.2d 460 (Pa. 2005).

Additionally, although the trial court's scheduling clerk made extensive representations to the court about scheduling difficulties with this case, there is absolutely no record testimony on this issue. A defendant's request for a jury trial does not excuse the Commonwealth's duty to bring the defendant to trial within the Rule 600 time period. The trial court had no evidentiary basis for denying the motion to dismiss. In its Rule 1925(a) opinion, the trial court stated that there were no facts which needed to be decided. (Trial court opinion, 8/3/17 at 8.) The trial court further stated that "hearings are held when there are facts to be decided," and that a "hearing—as contemplated by the rule—was not held." (Id.)

Rule 600 states, in relevant part:

> When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600(D)(1).

Rather than conduct such a hearing, the court accused defense counsel of gamesmanship, not wanting to "play fair," and trying to gain unfair advantage. Clearly, appellant was brought to trial beyond the mechanical run date, and this court has no evidence as to why.

We will therefore retain jurisdiction and remand to the trial court to conduct a proper Rule 600 hearing and provide findings to this court within 60 days of the filing of this memorandum.

Case remanded. Jurisdiction retained.