J-A27007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KASHIF M. ROBERTSON :
:
Appellant : No. 9 MDA 2023

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004147-2020

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED: FEBRUARY 15, 2024**

Kashif M. Robertson appeals from the judgment of sentence,[1] entered

in the Court of Common Pleas of Dauphin County, following his convictions of

two counts of person not to possess a firearm[2] and one count each of

possession of firearm with altered manufacturer's number,[3] possession with

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Robertson purports to appeal from the jury verdict finding him guilty. However, "[i]n criminal cases[,] appeals lie from [the] judgment of sentence rather than from the verdict of guilt." ***Commonwealth v. O'Neill***, 578 A.2d 1134, 1335 (Pa. Super. 1990); ***see also Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa Super. 2011) (en banc). Instantly, Robertson's judgment of sentence was entered on December 20, 2022. We have corrected the caption accordingly.

[2] 18 Pa.C.S.A. § 6105(a)(1).

[3] ***Id.*** at § 6110.2(a).

intent to deliver (PWID)—cocaine,[4] and PWID—marijuana.[5] As discussed *infra*, it is unclear whether Robertson was proceeding *pro se*, or was represented by counsel throughout the trial court proceedings. Accordingly, we remand for the trial court to conduct a hearing and determine when, if at all, Robertson waived his *pro se* status.

Briefly, Robertson was charged with the above-mentioned offenses on August 13, 2020. At that time, Robertson was serving probation at Docket Number CP-22-CR-0002276-2017 (No. 2276-2017).[6] Robertson proceeded to a preliminary hearing, after which all charges were held for trial. On November 27, 2020, Robertson, *pro se*, filed a "Motion to Proceed *Pro Se*." ***See*** Motion to Proceed *Pro Se*, 11/27/20, at 1-3 (italics added). The trial court conducted a ***Grazier***[7] hearing on December 10, 2020.

At the ***Grazier*** hearing, the trial court conducted the relevant colloquy and determined that Robertson wished to represent himself and proceed *pro se*. ***See*** N.T. ***Grazier*** Hearing, 12/10/20, at 4, 7-8. During this hearing, the

---

[4] 35 P.S. § 780-113(a)(30).

[5] ***Id.***

[6] The history of that case has been previously summarized by this Court. ***See Commonwealth v. Robertson***, 283 A.3d 392 (Pa. Super. 2022) (Table). In short, Robertson was sentenced at No. 2276-2017 on August 8, 2019, to a period of 6 to 23 months' imprisonment with 6 months of credit for time served. ***See id.*** Consequently, on August 3, 2020, twelve months later, Robertson was still serving probation for No. 2276-2017.

[7] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

trial court informed Robertson that the court could appoint Shawn M. Dorward, Esquire (Attorney Dorward), to represent Robertson, as Attorney Dorward was representing Robertson on other pending cases. *See id.* at 5-8. However, Robertson indicated that he did not want Attorney Dorward to represent him, but requested that Attorney Dorward be appointed as **standby counsel**. *See id.* at 8. On the same day, the trial court issued an order appointing Attorney Dorward as **standby counsel**. *See* Order, 12/10/20, at 1.

From December 10, 2020, until October 10, 2021, Robertson filed numerous *pro se* petitions. However, on October 11, 2021, Attorney Dorward filed a "Petition to Make Rule Absolute" on Robertson's behalf. *See* Petition to Make Rule Absolute, 10/11/21, at 1-3 (unpaginated). Since that date, Attorney Dorward and Robertson have each filed numerous motions, extension requests, etc. before the trial court.

A non-exhaustive list of Attorney Dorward's filings since October 11, 2021, are as follows:

- February 24, 2022—Request for Extension of Time to Timely File Brief in Support of Omnibus Pre-Trial Motion
- March 18, 2022—Second Request for Extension of Time to Timely File Brief in Support of Omnibus Pre-Trial Motion
- March 29, 2022—Third Request for Extension of Time to Timely File Brief in Support of Omnibus Pre-Trial Motion
- April 8, 2022—Fourth Request for Extension of Time to Timely File Brief in Support of Omnibus Pre-Trial Motion
- April 25, 2022—Brief in Support of Omnibus Pre-Trial Motion
- June 13, 2022—Motion to Incorporate
- July 20, 2022—Request for Extension of Time to Timely File Supplemental Brief to the Brief in Support
- July 25, 2022—Supplemental Brief in Support of Omnibus Pre-Trial Motion

- July 26, 2022—Request to Supplement Supplemental Brief

A non-exhaustive list of Robertson's *pro se* filings since October 11, 2021, are as follows:

- October 19, 2021—Objection to the Court's acceptance [of] Commonwealth's Response
- October 19, 2021—Second Motion to Compel Discovery
- November 10, 2021—Writ of Habeas Corpus
- November 10, 2021—Omnibus Pre-Trial Motion
- November 19, 2021—Petition for Disqualification of Judge
- December 6, 2021—Supplemental Omnibus Pre-Trial Motion
- December 6, 2021—Supplemental Pa.R.Crim.P. 600 Motion
- December 7, 2021—Second Petition for Disqualification of Judge
- May 16, 2022—Motion to Amend and Supplement Brief in Support of Omnibus Pre-Trial Motion
- May 20, 2022—Motion for Dismissal
- June 22, 2022—Motion to Request Extension of Time to File Amended Brief in Support of Omnibus Pre-Trial Motion

We also note that Attorney Dorward filed the instant notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Further, before this Court, Attorney Dorward has filed the Brief for Appellant, as well as supplements to the record. However, Robertson has continued to file *pro se* applications for relief, in which he requests, *inter alia*, to supplement counsel's appellate brief.[8]

We emphasize that hybrid representation is **not** permitted in this Commonwealth. *See Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) (there is no constitutional right to hybrid representation either at trial

_____

[8] *See Grazier*, 713 A.2d at 82 ("when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely."). Additionally, we observe that, at the sentencing hearing, the trial court appointed Attorney Dorward as appellate counsel. *See* N.T. Sentencing Hearing, 12/20/22, at 13.

or on appeal); *see also Commonwealth v. Williams*, 151 A.3d 621, 623

(Pa. Super. 2015). It is not permitted before this Court, and it is not permitted

before the trial court. *See Commonwealth v. Cooper*, 27 A.3d 994, 1000

(Pa. 2011) (disapproval of hybrid representation effective at all levels).

As our Supreme Court has observed:

> the appointment of **standby counsel does not imply or authorize some sort of hybrid representation**. *See* [] *Ellis*, [] 626 A.2d [at] 38-39 [] (agreeing with [] Superior Court that "there is no right of self-representation together with counseled representation ('hybrid representation') . . . although standby counsel **may be appointed to give the defendant legal advice**"). When a defendant elects to proceed at trial *pro se*, the defendant—**and not standby counsel**—is in fact counsel of record and is responsible for trying the case. This understanding of the limited role of standby counsel is essential to satisfy the United States Supreme Court's directive that a defendant's choice to proceed *pro se* "must be honored out of 'that respect for the individual which is the lifeblood of the law'" even when the defendant acts to his or her own detriment.

*Commonwealth v. Spotz*, 47 A.3d 63, 83 (Pa. 2012) (some citations

omitted) (emphasis added).

Because some of Robertson's claims were only preserved in counseled

motions, while others were only preserved in *pro se* motions, and because

Robertson has raised a *pro se* Rule 600 challenge,[9] we remand to the trial

court with instructions.

---

[9] In such a challenge, both this Court and the trial court are required to determine whether any continuances were attributable to the defense. *See Commonwealth v. McNear*, 852 A.2d 401, 406 (Pa. Super. 2004) (mechanical run date is modified or extended by adding any periods of time in which delay is caused by defendant); *see also Commonwealth v. Hunt*, *(Footnote Continued Next Page)*

On remand, we direct the trial court to determine if, at any time, Robertson yielded his *pro se* status in favor of counsel's representation. If the trial court is unable to conduct this analysis on the existing record, it may conduct a hearing. Additionally, we direct the trial court to file a supplemental Rule 1925(a) opinion detailing its conclusions regarding Robertson's status during trial as it relates to representation and, taking those findings into account, subsequently analyzing what days, if any, are attributable to Robertson for purposes of a Rule 600 analysis.

Case remanded with instructions. Jurisdiction retained.

_____

858 A.2d 1234, 1238 (Pa. Super. 2004) (en banc) ("excludable time" includes "any period of time for which defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) **any continuance granted at the request of the defendant or the defendant's attorney**") (emphasis added).