J-S33037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER DEVERE CARLSON | |
| Appellant | No. 1674 WDA 2015 |

Appeal from the PCRA Order September 28, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000666-2011

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED APRIL 26, 2016**

Appellant, Alexander Devere Carlson, appeals from the order entered in the Armstrong County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On September 29, 2011, Appellant had his six-year-old stepdaughter perform oral sex on him in the bathroom of their home.  The Commonwealth filed a criminal complaint on October 5, 2011, charging Appellant with involuntary deviate sexual intercourse ("IDSI"), indecent assault, and endangering welfare of children.  On February 2, 2012, Appellant filed a

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

"petition for psychiatric/medical evaluation," which sought to ascertain Appellant's mental health and competency to stand trial. The trial court granted the petition on February 7, 2012, and continued the case generally so Appellant could undergo a psychiatric or psychological evaluation. On March 28, 2012, Dr. Christine Martone evaluated Appellant and sent her report and the accompanying bill to defense counsel, who worked for the Armstrong County public defender's office. On April 4, 2012, the public defender's office issued a check request to the county controller's office for the bill from Dr. Martone. The county controller's office sent a check to Dr. Martone on April 27, 2012. The district attorney's ("DA's") office was not copied on any report, invoice, or other communication related to Dr. Martone's evaluation of Appellant.

On February 6, 2013, the DA's office received a copy of Dr. Martone's report from defense counsel. The court issued a notice of plea court on March 25, 2013. On April 5, 2013, Appellant filed a motion to continue the scheduled plea court date. The court granted the continuance and rescheduled Appellant to appear for plea court on May 2, 2013. Appellant failed to enter a plea on that date. The court then scheduled trial for June 10, 2013. On June 6, 2013, Appellant filed a motion to continue the trial. The court granted the motion and rescheduled trial for July 15, 2013. On July 10, 2013, Appellant filed another motion to continue the trial. The court granted the motion and rescheduled trial for August 12, 2013. The court

subsequently set a new trial date of September 9, 2013. On September 5, 2013, Appellant pled guilty to one (1) count of IDSI.[2] The court sentenced Appellant on January 7, 2014, to a term of sixty (60) to one hundred twenty (120) months' incarceration. Appellant did not file a direct appeal. On March 21, 2014, Appellant *pro se* filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended petition on November 12, 2014. Counsel subsequently filed two supplements to the amended petition. Following a hearing, the PCRA court denied relief on September 29, 2015. Appellant filed a timely notice of appeal on October 22, 2015. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

Appellant raises the following issues for our review:

> WHERE FROM THE DATE OF [APPELLANT'S] ARREST, A PERIOD OF 701 DAYS ELAPSED BEFORE [APPELLANT] ENTERED A GUILTY PLEA, WHERE ONLY 229 OF THOSE DAYS ARE ATTRIBUTABLE TO [APPELLANT] FOR PURPOSES OF [PA.R.CRIM.P.] 600 LEAVING 472 DAYS ATTRIBUTABLE TO THE COMMONWEALTH, WHERE THE COMMONWEALTH FAILED TO ACT WITH DUE DILIGENCE IN BRINGING THE CASE TO TRIAL, AND WHERE THE DELAY IN BRINGING THE CASE TO TRIAL WAS NOT BEYOND THE COMMONWEALTH'S CONTROL, WAS [APPELLANT'S] CONSTITUTIONAL RIGHT[] TO A SPEEDY TRIAL VIOLATED?
>
> WHERE [APPELLANT] APPLIES FOR A CONTINUANCE TO OBTAIN A PSYCHOLOGICAL EVALUATION, DOES THE FACT THAT THE COMMONWEALTH FAILS TO MONITOR THE

---

[2] 18 Pa.C.S.A. § 3123(a)(7).

- 3 -

STATUS OF THE CASE FOR PURPOSES OF RULE 600 AND INSTEAD RELIES SOLELY UPON DEFENSE COUNSEL TO INFORM THE COMMONWEALTH THAT THE EVALUATION HAS BEEN PERFORMED CONSTITUTE DUE DILIGENCE BY THE COMMONWEALTH FOR PURPOSES OF RULE 600 WHERE THE MECHANICAL RUN DATE HAS EXPIRED?

WHERE [APPELLANT] APPLIES FOR A CONTINUANCE TO OBTAIN A PSYCHOLOGICAL EVALUATION, DOES THE FACT THAT THE COMMONWEALTH FAILS TO MONITOR THE STATUS OF THE CASE FOR PURPOSES OF RULE 600 AND INSTEAD RELIES SOLELY UPON DEFENSE COUNSEL TO INFORM THE COMMONWEALTH THAT THE EVALUATION HAS BEEN PERFORMED CAUSE THE TIME THAT PASSES AFTER THE DATE THAT THE EVALUATION HAS BEEN PERFORMED TO BE ATTRIBUTABLE TO [APPELLANT] IN THE EVENT THAT DEFENSE COUNSEL DOES NOT INFORM THE COMMONWEALTH THAT THE EVALUATION HAS BEEN PERFORMED?

(Appellant's Brief at 7).

In his issues combined, Appellant argues the Commonwealth failed to bring his case to trial within the time requirements of Rule 600. Appellant concedes he is responsible for the 75-day delay from February 2, 2012 (the date Appellant filed the petition for psychiatric/medical evaluation) to April 17, 2012 (when defense counsel allegedly received Dr. Martone's report). Appellant disputes the PCRA court's conclusion that the entire delay from February 2, 2012 to February 6, 2013 (the date the DA's office received a copy of Dr. Martone's report from defense counsel), is attributable to Appellant. Appellant contends the Commonwealth had a duty to continue monitoring the case after the trial court granted Appellant's petition on February 7, 2012. Appellant asserts the Commonwealth could not just wait

for defense counsel to forward a copy of Dr. Martone's report, which counsel had no obligation to do in the first place. Appellant claims the last possible date to commence trial under Rule 600 was December 18, 2012. Appellant maintains the circumstances causing the delay beyond April 17, 2012 were not beyond the Commonwealth's control, and the Commonwealth failed to exercise due diligence. Appellant concludes the Commonwealth violated his right to a speedy trial, and this Court must reverse his conviction and dismiss the charges against him. We cannot agree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101, 108 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We owe no deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Knighten*, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000).

Under the PCRA, "an issue is waived if the petitioner could have raised

it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). ***See also Commonwealth v. Rachak***, 62 A.3d 389 (Pa.Super. 2012), *appeal denied*, 620 Pa. 699, 67 A.3d 796 (stating PCRA petitioner waived issue of voluntariness of his plea because he could have but failed to raise issue before trial court and on direct appeal).

The previous version of Rule 600 provided, in pertinent part:[3]

**Rule 600.  Prompt Trial**

\*    \*    \*

[(A)](3)    Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\*    \*    \*

(B)    For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

(C)    In determining the period for commencement of trial, there shall be excluded therefrom:

\*    \*    \*

---

[3] Appellant failed to file a Rule 600 motion at any stage of the proceedings. The previous version of Rule 600 was in effect, however, when Appellant requested a continuance to seek a psychiatric/psychological evaluation, and on the latest date Appellant alleges trial could have commenced.  The current version of Rule 600 became effective on July 1, 2013.

(3)   such period of delay at any stage of the proceedings as results from:

(a)   the unavailability of the defendant or the defendant's attorney;

(b)   any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

Pa.R.Crim.P. 600 (prior version).   "Rule 600 generally requires the Commonwealth to bring a defendant…to trial within 365 days of the date the complaint was filed."   ***Commonwealth v. Hunt***, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005).   To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief.   ***Id.*** at 1243.

"The mechanical run date is the date by which the trial must commence under Rule 600."   ***Commonwealth v. McNear***, 852 A.2d 401, 406 (Pa.Super. 2004).

> It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed.   The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant.   Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

***Id.***

In the context of Rule 600, "excludable time" is differentiated from "excusable delay" as follows:

"Excludable time" is defined in Rule 600(C) as the period

- 7 -

of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) **any continuance granted at the request of the defendant or the defendant's attorney**. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

*Hunt, supra* at 1241 (internal citations and footnote omitted) (emphasis added).

Significantly, "A plea of guilty effectively waives all nonjurisdictional defects and defenses." *Commonwealth v. Gibson*, 561 A.2d 1240, 1242 (Pa.Super. 1989), *appeal denied*, 525 Pa. 642, 581 A.2d 568 (1990). A defendant who pleads guilty may not raise a Rule 600 challenge unless he can show the Rule 600 violation affected the voluntariness of the plea itself. *Id.*

Instantly, Appellant failed to raise a Rule 600 claim at any time before the trial court. Appellant did not move to withdraw his plea either. Appellant also failed to pursue a direct appeal. Therefore, Appellant's Rule 600 challenge is waived.[4] *See* 42 Pa.C.S.A. § 9544(b). Further, Appellant

_____

[4] In his amended PCRA petition, Appellant further alleged defense counsel was ineffective for failing to raise a Rule 600 claim. On appeal, however,
*(Footnote Continued Next Page)*

pled guilty; and he does not claim the plea was coerced by the alleged deprivation of his speedy trial rights. Therefore, Appellant's guilty plea provides an additional basis for waiver.[5] ***See Gibson, supra***. Based on the foregoing, we affirm the denial of Appellant's PCRA petition.

Order affirmed.

_____
*(Footnote Continued)*

Appellant presents no argument regarding defense counsel's representation. Therefore, that issue is not before us.

[5] Moreover, even if we were to address Appellant's Rule 600 issue, we would agree with the PCRA court that the entire delay from February 2, 2012, to February 6, 2013, was attributable to Appellant. The trial court granted Appellant a general continuance so he could seek a psychiatric/psychological evaluation. The DA's office followed its customary practice and removed the case from its active case management system because it had been continued generally at Appellant's request. Defense counsel was in a position to know when the report was done and had the obligation to notify the DA's office or the court of that fact so the case could proceed. No evidence exists that the DA's office was aware Dr. Martone's report had been completed until February 6, 2013. When the 370-day excludable delay attributable to Appellant is added to the initial mechanical run date (October 4, 2012), it yields an adjusted run date of October 8, 2013. The adjusted run date would be even later after accounting for Appellant's several requested continuances following the resumption of docket activity in March 2013. Appellant pled guilty on September 5, 2013, which was the equivalent of trial commencing for purposes of Rule 600. ***See*** Pa.R.Crim.P. 600(B). Therefore, even if Appellant had preserved the issue, he would not have had a viable Rule 600 claim at any stage of the proceedings. ***See*** Pa.R.Crim.P. 600(C)(3)(b); ***Hunt, supra***; ***McNear, supra***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  4/26/2016