J-S45011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
:
        v. :
:
PERON MCCLENNY :
:
          Appellant : No. 2199 EDA 2016

Appeal from the PCRA Order July 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006924-2007

BEFORE: GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 02, 2017**

Appellant, Peron McClenny, appeals from the order entered in the

Philadelphia County Court of Common Pleas, which denied his first petition

brought pursuant to the Post Conviction Relief Act.[1] We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant

facts and procedural history of this case. Therefore, we have no need to

restate them. We add Appellant timely filed a *pro se* PCRA petition on

September 21, 2012; the court appointed counsel, who filed an amended

petition on July 10, 2014. Following hearings, the PCRA court dismissed the

petition on July 7, 2016. Appellant timely appealed on July 13, 2016. The

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Retired Senior Judge assigned to the Superior Court.

court ordered Appellant, on September 14, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). After the PCRA court granted an extension, Appellant timely complied on October 19, 2016.

Appellant raises four issues for our review:

> WHETHER THE PCRA COURT COMMITTED ERROR IN FAILING TO RESENTENCE [APPELLANT] WHEN PURSUANT TO 42 PA.C.S.A. § 9712 HE RECEIVED A MANDATORY 5 TO 10 YEAR SENTENCE ON KIDNAPPING (18 PA.C.S.A. § 2901(A)(3)) AND A 5 TO 10 YEAR SENTENCE ON ROBBERY (18 PA.C.S.A. § 3701), ORDERED TO RUN CONSECUTIVE, WHERE THE CHARGES AROSE OUT OF THE SAME INCIDENT, AND WHERE THE SENTENCE IMPOSED VIOLATED **ALLEYNE**[ **V. UNITED STATES**, ___ U.S. ___, 133 S.CT. 2151, 186 L.ED.2D 314 (2013)], PARTICULARLY WHERE THE CLAIM WAS RAISED DURING A TIMELY FILED PCRA PETITION…STILL UNDER REVIEW WHEN THE DECISION IN **ALLEYNE**…WAS RENDERED?
>
> WHETHER THE PCRA COURT ERRED IN FAILING TO GRANT [APPELLANT] A NEW TRIAL, OR MINIMALLY AN EVIDENTIARY HEARING, WHERE [APPELLANT]'S RIGHT TO CONFRONTATION WAS VIOLATED WHEN TRIAL COUNSEL INEFFECTIVELY STIPULATED TO DNA RESULTS WITHOUT CONSULTING WITH [APPELLANT], AND WITHOUT FIRST DETERMINING WHETHER DNA WAS ABSENT OR PRESENT OF A SECOND MALE OR WHETHER THE DNA TEST INCLUDED ANALYSIS OF [VICTIM]'S MOUTH SPECIFICALLY WHERE [VICTIM] TESTIFIED SHE DID NOT HAVE ORAL SEX WITH EITHER MALE AND THAT BOTH MALES RAPED HER, AND WHERE ULTIMATELY DURING A POST-SENTENCE MOTION THE DNA SPECIALIST DID NOT APPEAR IN COURT, CLAIMED NO ADDITIONAL TEST COULD BE PERFORMED, AND WHERE THE DEFENSE OF CONSENSUAL CONTACT WOULD BE ENHANCED HAD COMPLETE DNA TESTING BEEN PRESENTED AT TRIAL, WHICH WOULD HAVE AFFECTED THE OUTCOME OF THE TRIAL?
>
> WHETHER THE PCRA COURT ERRED IN FAILING TO FIND THAT [APPELLANT] DID NOT KNOWINGLY, VOLUNTARILY,

AND INTELLIGENTLY WAIVE A JURY TRIAL WHERE AN INADEQUATE COLLOQUY WAS CONDUCTED, AND WHERE A JURY WAIVER FORM WAS NOT COMPLETED BY [APPELLANT] AND REVIEWED BY THE COURT?

WHETHER THE PCRA COURT ABUSED ITS DISCRETION BY INCORRECTLY CALCULATING THE TIME PURSUANT TO A RULE 600 MOTION WHERE 702 DAYS PASSED PRIOR TO TRIAL WITH 655 DAYS ATTRIBUTABLE TO THE COMMONWEALTH, AND IN FAILING TO FIND THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE A RULE 600 CHALLENGE PRIOR TO THE TRIAL IN THIS MATTER, AND THAT APPELLATE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO RAISE THE CHALLENGE ON APPEAL, ALL IN VIOLATION OF U.S. CONST. AMEND. V, VI, AND XIV, AND…PA. CONST. ART. I, SEC. 9?

(Appellant's Brief at 4-5).[2]

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. ***Commonwealth v. Ford***, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not

_____

[2] For purposes of disposition, we have reordered Appellant's issues.

entitled to PCRA relief, and no purpose would be served by any further proceedings. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 701 A.2d 541 (1997). If the court conducts hearings, "as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding" on this Court. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

The law presumes counsel has rendered effective assistance. ***Commonwealth v. Gonzalez***, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). To prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel, which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Turetsky***, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: "(1) the underlying claim is of arguable merit; (2) …counsel had no reasonable strategic basis for his…action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable

probability that the outcome of the proceedings would have been different." *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.* "If a petitioner fails to meet any elements of the [ineffectiveness] test, his claim must fail." *Commonwealth v. Burkett*, 5 A.3d 1260, 1272 (Pa.Super. 2010). *See also Commonwealth v. Chmiel*, 612 Pa. 333, 362, 30 A.3d 1111, 1128 (2011) (explaining boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy petitioner's burden of proving ineffectiveness).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael Erdos, we conclude Appellant's first and second issues merit no relief. The PCRA court opinion comprehensively discusses and properly disposes of Appellant's first two issues. (*See* PCRA Court Opinion, filed December 13, 2016, at 4, 8-10) (finding: **(1)** *Alleyne* does not apply retroactively on collateral review; although sentencing court inquired as to mandatory sentences for Appellants convictions, court did not apply mandatory minimum sentences; Appellant would have received same sentence regardless of any mandatory minimum sentences; **(2)** DNA test results from oral swab of Victim produced trace amount of sperm; number of sperm was so small that DNA analysts could not generate DNA profile; miniscule amount of sperm indicated sperm could have been present as result of transfer or from different sexual encounter; Appellant failed to show

reasonable probability that but for trial counsel's stipulation to DNA test results at trial, trial outcome would have differed; trial counsel's actions did not prejudice Appellant and did not amount to ineffectiveness). The record supports the PCRA court's rationale. Accordingly, as to Appellant's first and second issues, we affirm on the basis of the PCRA court opinion.

In his third issue, Appellant argues the trial court failed to ensure Appellant knowingly, voluntarily, and intelligently waived his right to a jury trial. Appellant asserts the record contains no written jury trial waiver form and no reference to a written waiver form exists in the trial transcript. Appellant also avers the oral waiver colloquy the court conducted was insufficient. Appellant submits trial counsel also failed to ensure Appellant knew his jury-trial rights. Appellant claims he would not have waived his jury trial rights if he had known the differences between a jury trial and a bench trial. Appellant claims trial counsel did not attempt to augment the oral colloquy and did not object to the court's oral colloquy. Appellant contends trial counsel's inaction amounts to an absence of counsel and a violation of Appellant's constitutional right to counsel at trial. Appellant concludes this Court should vacate his convictions and dismiss the charges, or alternatively, vacate and remand for a new trial. We disagree.

Both the federal and Pennsylvania Constitutions guarantee criminal defendants the right to a jury trial. *See* U.S. Const. amend. VI; Pa. Const. art. I, § 6. Pennsylvania Rule of Criminal Procedure 620 governs a

defendant's waiver of his right to a jury trial and provides:

**Rule 620.  Waiver of Jury Trial**

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury.  The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.  The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.  Notwithstanding the language of Rule 620, our Supreme Court has explained the waiver colloquy is purely a procedural device; it does not share the same status as the actual constitutional right to a jury trial.  *Commonwealth v. Mallory*, 596 Pa. 172, 189-90, 941 A.2d 686, 697 (2008), *cert. denied*, 555 U.S. 884, 129 S.Ct. 257, 172 L.Ed.2d 146 (2008) (stating: "A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional right").  "The absence of an on-the-record colloquy concerning the fundamentals of a trial by jury does not prove, in an absolute sense, that a defendant failed to understand the right he waived by proceeding non-jury." *Id.* at 190, 941 A.2d at 697.  Waivers can occur in the absence of a colloquy by conduct, through implication, or from circumstances showing the defendant knowingly and voluntarily relinquished his right to a trial by jury.  *Id.* at 189-90, 941 A.2d at 697.  Thus, claims raised on collateral review alleging counsel's ineffectiveness in relation to a jury-trial waiver do not directly call into question a defendant's right to

counsel or Rule 620. *Id.*

Instead, claims of this nature should be analyzed as in any other ineffectiveness of counsel case. *Commonwealth v. Spotz*, 610 Pa. 17, 51, 18 A.3d 244, 263 (2011). That is, an inadequate or lacking waiver colloquy is not alone conclusive proof that counsel was ineffective; instead, courts must examine the totality of the relevant circumstances. *Mallory*, *supra* at 191, 941 A.2d at 698. These circumstances include "the defendant's knowledge of and experience with jury trials, his explicit written waiver (if any), and the content of relevant off-the-record discussions counsel had with his client." *Id.* (emphasis added).

To succeed ultimately on a claim that counsel was ineffective for failing to object to an inadequate oral waiver colloquy (which in turn led to the entry of unknowing and involuntary jury trial waiver), the defendant must plead and prove that counsel's ineffectiveness caused the defendant to waive his constitutional right to a jury trial and prejudiced the defendant. *Id.* at 201, 941 A.2d at 704. Prejudice in this context means there is a reasonable probability that, absent counsel's ineffectiveness, the defendant would not have waived his right to a jury trial. *Id.*

Instantly, in its opinion, the PCRA court addressed Appellant's third issue as follows:

> [Appellant's] claim that the trial court erred because
> [A]ppellant did not knowingly, voluntarily, and intelligently
> waive his right to a jury trial is waived for purposes of the
> PCRA because he did not raise the claim either at trial or

on direct appeal.  42 Pa.C.S.[A.] § 9544(b)….  …

On the other hand, Appellant **has** properly raised the issue of ineffective assistance of counsel.  …

* * *

…  Prior to the Commonwealth calling the first witness, the trial court asked:

> THE COURT: Before we even get to that, sir, is it your own personal choice to have a waiver trial instead of a jury trial?
>
> [APPELLANT]: Yes.
>
> THE COURT: Okay.  Nobody forced you to do that or promised you or anything, did they?
>
> [APPELLANT]: No.
>
> THE COURT: So I'll accept your comment that it's your own choice and you did it knowingly, intelligently, and voluntarily.  …

N.T. [Trial] 4/30/2009, at 6-7.  This exchange, on its face, fails to establish that Appellant understood the fundamental elements of a jury trial.

However, this is not enough to establish that Appellant's constitutional right to a jury trial was violated.  …

…  Here, while Appellant is not a career criminal, prior to being charged in the present case he exercised his right to a jury trial after which he was found guilty of sexual assault and served a state sentence.  …  As a result…Appellant experienced firsthand the fundamental essentials of a jury trial that he now denied having any knowledge of, including choosing a jury from members of the community, participating in the selection of the panel, and having a unanimous jury verdict.  While serving that sentence in prison, Appellant got his G.E.D. and educated himself.  Appellant's ability to get his G.E.D. and his well-written *pro se* PCRA petition suggest that he is an

- 9 -

intelligent and self-sufficient individual with an understanding of the fundamentals of our criminal justice system and the ability to conduct legal research. In his PCRA petition, he states that prior to trial he asked his attorney to petition the court for nominal bail so that he could "aid [him]self with further investigation and legal fees in order to prepare for a proper defense," which suggests he took an active role in the defense process. Appellant asserts that his attorney advised him to waive his right to a jury trial and that his attorney assured him "that before officially waiving [his] right to a jury trial…the court…will go over the essential ingredients, [his] rights, and that [he] would…sign a waiver form after the court explained it to [him] in detail." Despite believing, after the assurance from his attorney, that this conversation with the [c]ourt would take place, Appellant elected to proceed with a waiver trial even without signing a written colloquy and in the absence of a detailed oral colloquy. Based on his prior criminal justice system experience, his intellectual ability, the brief colloquy in court, his conversation with his attorney, and his desire to proceed without a jury even though he realized that a thorough waiver colloquy was lacking, Appellant's jury trial waiver was knowing, intelligent, and voluntar[y].[1]

[1] In addition, even if his waiver was defective, in order to be successful on a claim of ineffectiveness assistance of counsel, Appellant must demonstrate a reasonable probability that the result of the waiver proceeding would have been different absent counsel's ineffectiveness; that is, but for counsel's ineffectiveness, Appellant would not have waived his right to a jury [trial]. By Appellant's own account, his attorney counseled him to choose a bench trial over a jury trial because the judge appeared to be a more favorable forum based on the judge's ruling on a pretrial evidentiary matter. Appellant, who entered this trial with a thorough understanding of a jury trial from his first-hand experience, chose to follows his attorney's advice as part of a reasonable legal strategy. While the [PCRA] [c]ourt acknowledges that Appellant was not afforded a PCRA evidentiary hearing on this issue, it seems unlikely that he would have chosen a jury trial but

for counsel's ineffectiveness.

(PCRA Court Opinion, filed December 13, 2016, at 5-8 n.1) (some quotation marks and internal citations omitted) (emphasis in original).  We accept the PCRA court's analysis.  We emphasize that the absence of a written waiver colloquy does not render Appellant's jury-trial waiver automatically invalid, under the totality of the circumstances.  **See Mallory, supra**; **Turetsky, supra**.  Accordingly, Appellant's third issue merits no relief.

In his fourth issue, Appellant argues his speedy trial rights were violated, when trial commenced over a year after his arrest.  Appellant contends the Commonwealth is responsible for more than 400 days of delay prior to trial, yet trial counsel failed to file a Rule 600 motion.  Appellant asserts appellate counsel was similarly ineffective for failing to raise a Rule 600 claim on direct review.  Appellant concludes this Court should vacate the verdict and dismiss the charges against him.  We disagree.

The previous version of Rule 600 provided, in pertinent part:[3]

**Rule 600.  Prompt Trial**

\*     \*     \*

[(A)](3)    Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is

---

[3] The previous version of Rule 600 was in effect during Appellant's pre-trial proceedings and trial.  The current version of Rule 600 became effective on July 1, 2013.

filed.

\* \* \*

(B)    For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

(C)    In determining the period for commencement of trial, there shall be excluded therefrom:

\* \* \*

(3)    such period of delay at any stage of the proceedings as results from:

(a)      the unavailability of the defendant or the defendant's attorney;

(b)      any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

Pa.R.Crim.P. 600 (prior version).    "Rule 600 generally requires the Commonwealth to bring a defendant…to trial within 365 days of the date the complaint was filed."    ***Commonwealth v. Hunt***, 858 A.2d 1234, 1240 (Pa.Super. 2004) (*en banc*), *appeal denied*, 583 Pa. 659, 875 A.2d 1073 (2005).    To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief.    ***Id.*** at 1243.

"The mechanical run date is the date by which the trial must commence under Rule 600."    ***Commonwealth v. McNear***, 852 A.2d 401, 406 (Pa.Super. 2004).

It is calculated by adding 365 days (the time for

commencing trial under Rule 600) to the date on which the criminal complaint is filed. The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

*Id.*

In the context of Rule 600, "excludable time" is differentiated from "excusable delay" as follows:

"Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

*Hunt, supra* at 1241 (internal citations and footnote omitted).

Instantly, Appellant's final issue raises a Rule 600 claim. As presented, Appellant's Rule 600 claim is generally not cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(viii) (explaining petitioner is eligible for PCRA relief if he pleads and proves conviction or sentence resulted from constitutional violation, ineffective assistance of counsel, unlawfully induced guilty plea, improper obstruction of right to appeal, existence of after-discovered exculpatory evidence, imposition of sentence

greater than lawful maximum, or proceeding in tribunal without jurisdiction).

Therefore, to the extent Appellant's fourth issue presents a bare Rule 600

claim on collateral review, it is not properly before us.

Raised under the rubric of ineffective assistance of appellate counsel

and trial counsel, however, Appellant's Rule 600 claim is cognizable under

the PCRA. *See id.* Nevertheless, Appellant fails to address the reasonable

basis and prejudice prongs of the ineffectiveness test regarding both

appellate counsel's and trial counsel's stewardship. *See Turetsky, supra*.

Further, appellate counsel could not raise a Rule 600 claim on direct appeal,

because Appellant did not file a Rule 600 motion in the trial court. *See*

Pa.R.A.P. 302(a) (stating: "Issues not raised in the lower court are waived

and cannot be raised for the first time on appeal"). Likewise, a claim of trial

counsel's ineffectiveness for failure to raise a Rule 600 issue was unavailable

to appellate counsel, without satisfying other procedural requirements. *See*

*Commonwealth v. Grant*, 572 Pa. 48, 67, 813 A.2d 726, 738 (2002)

(providing ineffectiveness claims are generally reserved for collateral

review); *Commonwealth v. Leverette*, 911 A.2d 998, 1004 (Pa.Super.

2006) (explaining ineffectiveness claims may be raised on direct appeal only

if: (1) appellant raised claim(s) in post-sentence motion; (2) evidentiary

hearing was held on claim(s); and (3) record devoted to claim(s) has been

developed).

Moreover, even if Appellant's Rule 600 claim were properly before us,

Appellant would not be entitled to relief. The Commonwealth filed the complaint against Appellant on May 24, 2007. Therefore, the initial Rule 600 mechanical run date was May 24, 2008. At the conclusion of Appellant's arraignment on July 25, 2007, the court scheduled a pretrial conference for August 15, 2007. Appellant subsequently requested two continuances, which the court granted. Ultimately, the court conducted the pretrial conference on September 5, 2007, when Appellant requested a jury trial. The delay between August 15, 2007, and September 5, 2007, constituted 21 days of excludable time. **See Hunt, supra**. The adjusted trial run date for Rule 600 purposes became June 14, 2008.

The court continued Appellant's case to September 19, 2007, for a scheduling conference. As the Commonwealth had no control over the court's schedule, the delay between September 5, 2007, and September 19, 2007, arguably constituted 14 days of excusable delay. **See id**. The delay yielded an adjusted trial run date of June 28, 2008. At the September 19, 2007 scheduling conference, based on Appellant's request for a jury trial, the court set trial for March 12, 2008, the earliest possible date. The delay between September 19, 2007, and March 12, 2008, constituted 175 days of excusable delay.[4] **See id**. The adjusted trial run date for Rule 600 purposes

---

[4] Our Supreme Court in **Commonwealth v. Mills**, ___ Pa. ___, 162 A.3d 323 (2017) differentiated between the normal progression of a criminal case and judicial delay for purposes of Rule 600. In **Mills**, the Commonwealth
*(Footnote Continued Next Page)*

became December 20, 2008.

On January 31, 2008, Appellant requested additional time to respond to a motion the Commonwealth had filed. The court granted Appellant's request and relisted trial for March 19, 2008. The delay constituted 7 days of excludable time, and the adjusted trial run date for Rule 600 purposes became December 27, 2008. *See id.* On March 19, 2008, the court continued trial to March 20, 2008. This delay constituted 1 day of excusable time, and the adjusted run date became December 28, 2008. *See id.* On

*(Footnote Continued)* ─────────────

requested a continuance of a previously set trial date, because the Commonwealth would be unable to proceed to trial on that date for several reasons. The trial court continued trial for 174 days to the earliest possible date. In its analysis, the *Mills* Court said, "[T]ime attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." *Id.* at ___, 162 A.3d at 325. The Court also noted, "[W]here a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Id.* Ultimately, the Court held the 174-day continuance was delay attributable to the Commonwealth because the Commonwealth was unprepared for trial. *Id.*

Unlike *Mills*, here neither party requested a continuance of a previously set trial date, and trial readiness was not at issue on September 19, 2007. Based on Appellant's request for a jury trial, on September 19th, the court scheduled Appellant's jury trial for the earliest possible date of March 12, 2008. The substance and timing of Appellant's jury trial request caused the court to schedule trial as it did. Therefore, the 175 days between September 19, 2007, and March 12, 2008, constituted excusable delay. *See Hunt, supra*. Additionally, despite his jury trial request, Appellant ultimately proceeded to a bench trial. Finally, even if the 175 days at issue were deleted from the ultimate adjusted run date, any Rule 600 motion would still have been premature. (February 7, 2010 – 175 days = August 16, 2009). Trial began on April 30, 2009, long before the adjusted run date of February 7, 2010, or the earlier modified adjusted run date of August 16, 2009.

March 20, 2008, the court was hearing another trial, and relisted Appellant's trial for October 27, 2008. The delay between March 20, 2008, and October 27, 2008, constituted 221 days of excusable delay. *See id*. The adjusted trial run date became August 6, 2009. On October 27, 2008, the court was on another trial and continued Appellant's trial to April 28, 2009, the earliest possible date. The delay constituted 183 days of excusable delay. *See id.* The adjusted trial run date for purposes of Rule 600 became February 5, 2010. On April 28, 2009, the court continued trial to the earliest possible date, April 29, 2009. This delay amounted to 1 day of excusable delay, and the adjusted run date became February 6, 2010. *See id.* On April 29, 2009, the court again continued trial to the earliest possible date, April 30, 2009. This delay amounted to 1 day of excusable delay and yielded a Rule 600 adjusted run date of February 7, 2010. *See id.*

The following chart summarizes the delays prior to trial:

| DATES | ACTIVITY | DAYS DELAY | EXCLUDABLE OR EXCUSABLE | ADJUSTED RUN DATE |
|---|---|---|---|---|
| 8/15/07-9/5/07 | Appellant requested continuances of pretrial conference. | 21 | Excludable; Appellant requested continuances | **6/14/08** |
| 9/5/07-9/19/07 | Appellant requested jury trial; court continued scheduling conference. | 14 | Arguably excusable; Appellant requested jury trial | **6/28/08** |

| 9/19/07-3/12/08 | Court conducted scheduling conference; based on Appellant's jury trial request, court set jury trial for 3/12/08, EPD. | 175 | Excusable (*See* footnote 4, *supra*) | **12/20/08** |
|---|---|---|---|---|
| 3/12/08-3/19/08 | Appellant requested additional time to respond to Commonwealth motion; court granted request and relisted trial for 3/19/08. | 7 | Excludable; Appellant requested time to respond to Commonwealth motion | **12/27/08** |
| 3/19/08-3/20/08 | Court continued trial to 3/20/08, EPD. | 1 | Excusable; based on EPD | **12/28/08** |
| 3/20/08-10/27/08 | Court on another trial; court relisted Appellant's trial for 10/27/08. | 221 | Excusable; court on another trial | **8/6/09** |
| 10/27/08-4/28/09 | Court on another trial; court relisted Appellant's trial for 4/28/09, EPD. | 183 | Excusable; court on another trial; based on EPD | **2/5/10** |
| 4/28/09-4/29/09 | Court continued trial to 4/29/09, EPD. | 1 | Excusable; based on EPD | **2/6/10** |
| 4/29/09-4/30/09 | Court continued trial to 4/30/09, EPD. | 1 | Excusable; based on EPD | **2/7/10** |

Appellant's trial commenced on April 30, 2009, long before the adjusted run date of February 7, 2010. Therefore, Appellant did not have a viable speedy trial claim before trial commenced, as any Rule 600 motion would have been premature. *See Hunt, supra*. Thus, Appellant's fourth issue fails. Accordingly, we affirm.

Order affirmed.

- 18 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 10/2/2017*