J-A03001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PIERRE THOMAS | : | |
| | : | |
| Appellant | : | No. 854 EDA 2017 |

Appeal from the Judgment of Sentence December 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000245-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JANUARY 26, 2018**

Appellant, Pierre Thomas, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to two counts each of simple assault and recklessly endangering another person ("REAP"), and one count each of resisting arrest, possessing an instrument of crime ("PIC"), firearms not to be carried without a license, and carrying firearms in public in Philadelphia.[1] On December 21, 2015, Appellant was armed with a handgun when he fled on foot from police during a traffic stop. After an officer caught up to Appellant, a struggle ensued, during which Appellant repeatedly reached for and

_____

[1] 18 Pa.C.S.A. §§ 2701(a), 2705, 5104, 907(a), 6016(a)(1), and 6108, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

pointed the handgun at the officer. On September 26, 2016, Appellant entered an open guilty plea to his offenses. The court sentenced Appellant on December 16, 2016, to an aggregate term of 7½-15 years' incarceration, plus 3 years' probation. On December 23, 2016, Appellant filed a timely post-sentence motion, which the court denied on January 31, 2017. Appellant timely filed a notice of appeal on March 1, 2017, and a court-ordered Rule 1925(b) statement on April 24, 2017.

As a prefatory matter, "issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, issues not raised in a Rule 1925 concise statement of errors will likewise be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 427, 16 A.3d 484, 494 (2011).

In his post-sentence motion and Rule 1925(b) statement, Appellant raised the same challenge to his sentence. Specifically, Appellant stated: "[The trial c]ourt purported to sentence within the sentencing guidelines but applied the guidelines erroneously; sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or sentenced outside the sentencing guidelines and the sentence is unreasonable." *See* Post-Sentence Motion, filed 12/23/16, at 4, unpaginated; Rule 1925(b)

Statement, filed 4/24/17, at 4, unpaginated. Appellant's brief on appeal presents new sentencing claims: (i) there was "insufficient evidence of aggravating factors" to justify the sentence; (ii) the court relied on "erroneous findings" and impermissible sentencing factors in fashioning the sentence; (iii) the court failed to place on the record an adequate statement of reasons for sentencing Appellant above the sentencing guidelines; (iv) the court failed to consider the sentencing guidelines and Appellant's rehabilitative needs; and (v) the court improperly weighed the seriousness of the offenses. Appellant failed to include these sentencing claims in his post-sentence motion and Rule 1925(b) statement. Therefore, these sentencing claims are waived for purposes of appellate review. **See Castillo, supra**; Pa.R.A.P. 302(a), **supra**.

Furthermore, when appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." **Commonwealth v. Kiesel**, 854 A.2d 530, 532 (Pa.Super. 2004). The statement must also specify "what fundamental norm the sentence violates and the manner in which it violates

that norm." **Id.** If an appellant fails to include a Rule 2119(f) statement in his brief and the Commonwealth objects, the discretionary sentencing issues are waived. **Commonwealth v. McNear**, 852 A.2d 401, 408 (Pa.Super. 2004).

Instantly, Appellant challenges on appeal the discretionary aspects of his sentence. Even if Appellant had preserved his sentencing claims in his post-sentence motion and Rule 1925(b) statement, we would not reach his issues on appeal, because Appellant failed to include a Rule 2119(f) statement in his appellate brief, and the Commonwealth has objected. **See id.** Therefore, Appellant's issues are waived. **See id.** Accordingly, we affirm the judgment of sentence. **See generally In re K.L.S.**, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, we should affirm).

Judgment of sentence affirmed. This case is removed from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/18