J-S02025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LONNIE MITCHELL | : | |
| | : | |
| Appellant | : | No. 3393 EDA 2019 |

Appeal from the PCRA Order Entered November 18, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005633-2016.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    Filed: May 27, 2021

Lonnie Mitchell appeals from the order denying his first timely petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  Mitchell claims that trial counsel was ineffective for not properly litigating a Pa.R.Crim.P. 600 motion, and for failing to properly assert a weight of the evidence claim in his post-sentence motion.  We affirm.

The pertinent facts and procedural history are as follows:  On May 24, 2016, a criminal complaint was filed against Mitchell because of a domestic dispute involving his then-fiancée.  A preliminary hearing was held on June 9, 2016, after which Mitchell was held for trial on charges of aggravated assault, terroristic threats, simple assault, and recklessly endangering another person. The case was originally assigned to the Honorable Robert Coleman.  On July

19, 2016, Judge Coleman granted a continuance. It is unclear from the docket who requested this continuance.

Thereafter, the case was reassigned to the Honorable Carolyn Nichols ("the trial court"). On August 15, 2016, the trial court granted a defense request for a continuance. Following a conference on August 22, 2016, a jury trial was scheduled to commence on May 31, 2017. On August 30, 2016, Mitchell filed a motion to vacate the jury trial date and schedule a waiver trial instead.

Thereafter, Mitchell's waiver trial was scheduled for January 9, 2017. On that date, the Commonwealth was granted a continuance because the assigned prosecutor was attached in a jury trial in an unrelated matter. Mitchell's waiver trial was relisted for April 18, 2017.[1] On that date, the Commonwealth requested another continuance because the complainant was out of state and unavailable for trial. The trial court granted this request and scheduled a new trial date of July 11, 2017. On June 28, 2017, Mitchell filed

---

[1] On January 30, 2017, Mitchell filed a counseled motion for immediate release on nominal bail pursuant to Rule 600(B)(1) & (D)(2). On February 14, 2017, Mitchell filed a *pro se* Rule 600 motion seeking the dismissal of all charges. That same day, the trial court granted the counseled motion for nominal bail. However, in the same order, the trial court also granted the Commonwealth's motion to revoke bail and Mitchell's trial continued to be scheduled for April 18, 2017.

On February 16, 2017, trial counsel filed a motion to withdraw, which the trial court granted. On March 30, 2017, the trial court appointed new counsel.

a *pro se* motion to dismiss all charges pursuant to Rule 600(A). On August 4, 2017, trial counsel filed a motion to dismiss pursuant to Rule 600(A).

On August 7, 2017, the parties litigated the Rule 600 motion. After considering the docket entries regarding continuances, the trial court denied the Rule 600 motion. That same day, Mitchell's waiver trial began. The Commonwealth presented testimony from the Complainant, who described the incident, as well as testimony from the police officer who responded to the scene. The Complainant's hospital records, the police report, and photographs of the Complainant's injuries were also admitted. Important to this appeal, although trial counsel cross-examined the Complainant regarding two calls that she allegedly made to Mitchell while he was in prison, the contents of the calls were not admitted into evidence. Mitchell testified on his own behalf.

After considering all the above, the trial court found Mitchell guilty of all the charges. On October 16, 2017, the court sentenced Mitchell to an aggregate term of four to ten years of imprisonment, and a consecutive five-year probationary term. Mitchell filed a timely post-sentence motion in which he claimed that his guilty verdicts were against the weight of the evidence. Mitchell's post-sentence motion was denied by operation of law on February 15, 2018.

Mitchell did not file a direct appeal. On April 26, 2018, he filed a *pro se* PCRA petition. The PCRA court appointed counsel and, on January 14, 2019, PCRA counsel filed an amended petition. Thereafter, the Commonwealth filed

a motion to dismiss.[2] On July 18, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Mitchell's petition without a hearing. Mitchell filed a timely response. By order entered November 18, 2019, the PCRA court denied Mitchell's PCRA petition. This timely appeal followed. Although the PCRA court did not require Mitchell to file a Pa.R.A.P. 1925(b) statement, the court filed a Rule 1925(a) opinion in which it addressed the claims raised by Mitchell in his PCRA petition.

Mitchell now raises the following issues:

I.  Whether the [PCRA court] erred in denying [Mitchell's] PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition.

II. Whether the [PCRA court] erred in not granting relief on the PCRA petition alleging [trial counsel] was ineffective?

Mitchell's Brief at 8.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's

_____

[2] Mitchell claims that an evidentiary hearing is necessary because in its motion to dismiss his PCRA petition, the Commonwealth claimed that Mitchell's post-sentence motion was denied by operation of law on November 17, 2017. The Commonwealth repeats this date in its brief. **See** Commonwealth's Brief at 7. This misstatement by the Commonwealth does not provide a basis for an evidentiary hearing, especially when the weight issue was preserved, and Mitchell filed at timely PCRA petition.

factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015)

(*en banc*) (citations omitted).

> The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014) (citations

omitted).

Before an evidentiary hearing will be granted, a PCRA petitioner "must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective." ***Commonwealth v. Begley***, 780 A.2d 605, 635 (Pa. 2001) (quoting ***Commonwealth v. Pettus***, 424 A.2d 1332, 1335 (Pa. 1981). ***See also Commonwealth v. Clark***, 961 A.2d 80, 94 (Pa. 2008) (explaining that, in the absence of a sufficient proffer, a petitioner's bare assertions would inappropriately convert an evidentiary hearing into a "fishing expedition" for possible exculpatory evidence).

In his amended PCRA petition, Mitchell raised two claims of ineffective assistance of trial counsel. To obtain relief under the PCRA premised on a

claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." ***Id.*** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010).

In his amended petition, Mitchell first claimed that trial counsel was ineffective for failing to properly argue his Rule 600 motion. Our standard of review is well settled:

> This Court reviews a ruling under Rule 600 pursuant to an abuse-of-discretion standard. An abuse of discretion is not a mere error in judgment, but rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Additionally, when considering a Rule 600 claim, this Court must view the record facts in the light most favorable to the winner of the Rule 600 motion. It is,

- 6 -

or course, an appellant's burden to persuade us the trial court erred and relief is due.

**Commonwealth v. Martz**, 232 A.3d 801, 809 (Pa. Super. 2020) (citation omitted).

Most recently, this Court has discussed the principles and justifications underpinning Rule 600, as well as new changes to the rule, in detail:

> In 2012, the Pennsylvania Legislature enacted a new Rule 600, effective as of July 1, 2013. The general dictates of the new Rule 600 remained the same as they were prior to its adoption: Rule 600 requires either the tendering of a plea deal or a case to be called to trial within 365 days from the date on which the criminal complaint was filed. **See** Pa.R.Crim.P. 600(A)(2)(a). Specifically, the point in time 365 days after the complaint is filed is known as the "mechanical run date." **Commonwealth v. McNear**, 852 A.2d 401 (Pa. Super. 2004). If the defendant is not brought to trial within the time required by the rule, he or she may, at any time before trial, file a written motion seeking dismissal of all charges with prejudice. **See** Pa.R.Crim.P. 600(d)(1).
>
> Under the old Rule 600, the mechanical run date could be exceeded through calculation of an adjusted run date by an accounting of two mutually exclusive categories: "excludable time" and "excusable delay." **Commonwealth v. Goldman**, 70 A.3d 874, 879 (Pa. Super. 2013). Our case law emphasized that "[e]xcludable time" is delay that is attributable to the defendant or his counsel. Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." **Id.** (citation omitted). Dismissal of charges was then warranted if, after subtracting all excludable and excusable time, the defendant had not been brought to trial within the term of the adjusted run date. **See id.**
>
> The new Rule 600 eliminated the distinction between these two buckets of removable calculable time. Under its new verbiage, "the periods of delay at any stage of the proceedings caused by the Commonwealth when the

Commonwealth has failed to exercise due diligence" forms the basis of what is known as "includable time." **See** Pa.R.Crim.P. 600(C)(1). Conversely, all other periods of delay are excluded from the Rule 600 calculation. **See id.**

Inherently, then, when a court is faced with a Rule 600 motion asserting a facial violation of the new Rule 600, the onus is on the Commonwealth to demonstrate that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters. The Commonwealth must show due diligence by a preponderance of the evidence. **See Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Commonwealth v. Moore**, 214 A.3d 244, 249 (Pa. Super. 2019)(citation omitted).

**Commonwealth v. Wiggins**, 2021 PA Super. 57 (Pa. Super. 2021), slip op.

at 4-5.

In **Wiggins**, this Court relied on our Supreme Court's discussion in

**Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017) of how to handle "judicial

delay under Rule 600:

Our Supreme Court in [**Mills**] clarified that time attributable to the natural progression of a case through the court system (e.g., the time between the preliminary hearing and the formal arraignment or pre-trial conference) is not considered "delay" and therefore is not excludable for the purposes of Rule 600. **See** [**Id.** at 325]. However, if the court, itself, engaged in what is referred to in **Mills** as "judicial delay," such action, in most circumstances, could be exclude from the Rule 600 calculation. **See id.** (distinguishing between ordinary trial preparation and judicial delay as, for example, are result of scheduling concerns). Accordingly, when determining the existence and import of delay for computational purposes, trial courts must exercise discretion to ascertain whether the period of

- 8 -

time at issue is a delay attributable to the parties, the natural progression of the case, or the court's own calendar when the parties are prepared to proceed. ***See id.*** (stating that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable").

***Wiggins***, at slip op. at 5-6.

As noted above, Mitchell challenges trial counsel's ineffectiveness when he litigated the Rule 600 motion in his case. In ***Wiggins***, the PCRA petitioner claimed that trial counsel was ineffective for failing to pursue a Rule 600 motion prior to trial. In ***Wiggins***, we realized that

in this context, [the PCRA petitioner] bears both the burden of demonstrating there was arguable merit to the proposed motion and that he was prejudiced by the failure of counsel to pursue it. ***See Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007) ("A PCRA petitioner must exhibit a concerted effort to develop his ineffectiveness claim and may not rely on boilerplate allegations of ineffectiveness.")

***Id.*** at 6-7.

We then determined that Wiggins had not met this burden: "Even reading Wiggin's brief generously, containing only three pages of argument, we are unable to locate the precise reasons he believes the PCRA court erred in dismissing his Rule 600 claim." ***Id.*** at 7. Instead, we noted that "the gravamen of his contention [was] that the PCRA court erred by denying him a hearing that would have allowed him to develop a factual basis for his claim. ***Id.*** This Court then reiterated that there was no absolute right to an evidentiary hearing, and that Wiggins had "not directly refuted the PCRA court's conclusion as to his Rule 600 claim, other than by resorting to

unsubstantiated speculation and a series of 'ifs.'" ***Id.*** at 7-8. After discussing what little argument Wiggins made, we concluded, "Simply put, Wiggins's argument improperly shifts the burdens of production and proof under the PCRA." ***See id.*** at 9 (rejecting Wiggins's assertion that there was "no evidence the Commonwealth could not request that the case be brought to trial prior to the expiration of Rule 600"). Thus, this Court held that the PCRA court did not abuse its discretion in denying Wiggins's PCRA petition without a hearing.

The same holds true in the present case. Mitchell asserts that "the Commonwealth had the obligation to take reasonable steps to move the cases [sic] to trial[,]" and that trial counsel never argued the Commonwealth's failure to exercise due diligence "in detail." Mitchell's Brief at 21. We do not agree.

It is now well settled that the Commonwealth need not seek to rearrange the trial court's calendar or to transfer the case, or demand a trial earlier than the earliest possible date consistent with the court's calendar in order to demonstrate due diligence. ***Commonwealth v. Wilson***, 672 A.2d 293, 301 (Pa. 1996). In denying the Rule 600 motion, the trial court stated:

> **THE COURT:** Well, the standard is clear. Due diligence is, the case law - - the appellate courts have interpreted due diligence, a reasonable effort by the Commonwealth to bring the case forward.
>
> Philadelphia County is the busiest criminal docket of all 67 counties.
>
> The dates are given at the earliest possible date and then gaps between certain SMART rooms and trial rooms.

All of that is court time; it's not the failure of the Commonwealth to move the case forward. We do have, at least from May 15th, it looks like defense counsel had a sick child.

Also this case was once a jury trial and then it became a waiver, so then it moved again. So all of that is attributed to the defense and not to the Court or the Commonwealth. And here we are today.

So there's no showing that any of the gaps of time are attributable to the Commonwealth not being diligent to move the case forward. That's what the standard is.

It can't be because of court scheduling. It can't be because of defense request. It has to be because the Commonwealth failed to be diligent.

I think one day I see when the witness was unavailable because that witness was in Virginia or rather out-of-state. So that's not a failure of diligence.

Certainly, this [c]ourt has made every effort to move this case forward as expeditiously as possible, given that this is a very busy jury room. And the dates given are the earliest possible dates, given all of the scheduling concerns.

So there's been no showing here that the case failed to move because of a lack of diligence attributable to the Commonwealth, which is what the standard is. The delays were due to either defense request moving the trial from jury status to waiver status or court unavailable for trial because of the competing jury trials in this room.

I think I even saw one date where the Commonwealth itself wasn't available because the assigned ADA was on trial and, again, that is not a lack of diligence.

Again, it's a very busy environment and the matters unfortunately have to end up having to be postponed because of scheduling, busy schedules. It's not because somebody sat on their hands and just didn't do anything or because of a lack of effort to move the case forward.

N.T., 8/7/17, at 13-16.

Mitchell fails to proffer any evidence showing that the Commonwealth failed to act with due diligence. To support his ineffectiveness claim, Mitchell relies on an unpublished memorandum in **Commonwealth v. Harrison**, 1990 Pa. Super. LEXIS 184 (Pa. Super. 1990), and the cases cited therein. Of course, citing to this case is inappropriate because it has no persuasive value. **See generally** Superior Court Internal Operating Procedure § 65.37. Moreover, the discussion in **Harrison** predates subsequent appellate decisions that have rejected a challenge to Pennsylvania case law that holds "our courts are under no obligation to rearrange their dockets" when court congest delays a trial. **See**, **e.g.**, **Commonwealth v. Smith**, 569 A.2d 337, 339-40 (Pa. 1990).

Here, as in **Wiggins**, **supra**, on collateral review, Mitchell attempts to shift the burden of proving a lack of due diligence to the Commonwealth. As he has failed to meet his burden of production, **see id.**, Mitchell's claim that trial counsel was ineffective for failing to properly argue his Rule 600 motion fails.[3]

In his remaining claim, Mitchell claims that trial counsel was ineffective "by failing to argue why in post sentence motions the verdict was against the weight of the evidence." Mitchell's Brief at 24. According to Mitchell, "[t]he

_____

[3] In making his argument, Mitchell sets forth no Rule 600 calculations. Our review of the record supports the Commonwealth's claim that no Rule 600 violation occurred. **See** Commonwealth's Brief at 13-19.

guilty verdict of aggravated assault against [him] was the result of testimony of the Commonwealth's witness that was not believable." *Id.*

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). Absent an abuse of discretion, the trial court's decision will not be disturbed. *See Commonwealth v. Griffin*, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest

unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

Mitchell contends that he would have prevailed on his weight claim had trial counsel admitted into evidence the contents of a prison phone call between him and the Complainant. Mitchell contends that the contents of this phone call would have disproved the Commonwealth's theory that he assaulted the Complainant because she did not want to have sex with him. ***See*** Mitchell's Brief at 24-25.

Initially, we note that trial counsel did raise a weight claim in a post-sentence motion and, because the trial court never addressed it, it was denied by operation of law. Mitchell's speculation that if only trial counsel had raised the contents of the prison phone call as part of his weight claim it would have been granted fails.

Moreover, as found by the trial court, regardless of catalyst for the domestic dispute, ample evidence supported the trial court's finding that the Complainant was injured by Mitchell. The PCRA court explained:

> [Mitchell] argues that [the prison call] conversation disproves the Commonwealth's theory that the fight started because the [Complainant] did not want to have sex with [him] and impeaches [her] credibility since this is what she testified to at trial. This claim is without merit. Whether the altercation began over the victim rejecting [Mitchell's] sexual advances does nothing to change the fact that [he] beat, choked, and stabbed her. The [Complainant] testified that [Mitchell] attacked her while she was holding their 4-month-old daughter, nearly threw her down the stairs while

she was holding the baby, and that he stabbed her in the leg with a knife.

The responding police officer testified regarding the [Complainant's] extensive injuries that were also documented in hospital photos and medical records. Moreover, the trial court, acting as fact-finder, already rejected [Mitchell's] version of events.

[Mitchell] testified on his own behalf and claimed the fight started when he rejected the [Complainant's] demands for sex because he was suffering from painful hemorrhoids. He claimed that the [Complainant] then became violent and engaged in a "struggling match" with him, which was the cause of her injuries, even though he maintained that he "never hit" her. The trial court rejected this theory and found the [Complainant's] version of events to be credible. [Mitchell] is unable to establish that the conversation on the prison phone call transcript would have changed the trial court's mind and suddenly render the verdict so against the weight of the evidence that it "shocked one's sense of justice." Therefore, no relief is due.

PCRA Court Opinion, 5/21/20, at 6-7.[4]

Our review of the trial testimony supports the PCRA court's conclusion. Mitchell's claim that the Complaint's testimony was not believable does not render his weight claim meritorious. *Clay*, *supra*. *See also Commonwealth v. Hunter*, 768 A.2d 1136, 1142 (Pa. Super. 2001) (explaining that the trier of fact, when passing upon the credibility of witnesses and the weight to be accorded their testimony, is free to believe, all, part, or none of the evidence).

---

[4] Our review of the trial transcript reveals that, on re-direct, the Complainant clarified that Mitchell had stabbed her in the leg during a prior domestic incident. *See* N.T., 8/7/17, at 62.

In sum, because Mitchell's two ineffectiveness claims lack arguable merit, the PCRA court properly denied his PCRA petition without first holding an evidentiary hearing. **Blakeney**, **supra**. We therefore affirm the PCRA court order denying Mitchell post-conviction relief.

Order affirmed.

Judge Nichols did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/21